May it please the Court, my name is William Goode. I represent the appellate, Larry Tallacus, and I'd like to reserve five minutes for rebuttal. Two weeks ago, on April 24th, the Court issued a couple of questions to the parties that we should be prepared to answer, and so I want to move right to responding to those questions. The first question was, what was the question is, if you're right about there being a sufficient request for damages of less than $10,000, why isn't the appeal to the Federal Circuit, so could you answer that question? I didn't hear you. Your argument is that you, that in fact there was jurisdiction over the breach of contract claim. Under the Little Tucker Act, right? If there was, why isn't the appeal to the Federal Circuit? Because the claim, we believe, was a claim for less than $10,000, and so there was concurrent jurisdiction. As far as why we didn't do that. There's concurrent jurisdiction at the trial court level with the court of crimes. Right. The question Judge Bersin asked you was, why, if there is Little Tucker Act jurisdiction, isn't the appeal from the district court's judgment to the Federal Circuit rather than to the Ninth Circuit? Okay. Well, we've jumped right to the second question, so let me respond to that. In my reply brief, I refer to a case, the Diggs case, which is on page 8 and 9 of the brief. In that case, the case went to the Merit System Protection Board, but there was a mixed case because there was also a civil rights retaliation case. When that case from there was appealed to the Federal Circuit, the Federal Circuit dismissed the case because it found that it didn't have jurisdiction. It basically asserted, took the position that we don't hear mixed cases involving Title VII. That was not a Little Tucker Act case at all, was it? It was just an appeal to the MSPB. Combined with a tort claim. And mixed appeals from the MSPB go to the regional circuit. Mixed, they go to the EEOC, part of it goes to the MSPB. Nothing to do with the Tucker Act, nothing to do with contracts. That's correct, but they don't hear mixed cases, and so they're not going to bifurcate the appeal and send half of it to the regional circuit court and half of it to keep And the other half was just the contract claim. The ---- I'm not sure I understand. Let's assume that you brought this contract claim, the district court had bought your arguments and awarded you $9,000. To where would an appeal lie? Which court? The district court, everything else came out exactly the same as in your case. Ninth Circuit. Ninth Circuit? Yes. Even though there had been an award against the government of $9,000 under the Little Tucker Act, and that's because in your view you raise ---- you're appealing retaliation claims, you're not appealing the ruling of the Merit System Board, correct? That's right. And because it's mixed, because you have a tort claim and a contract claim, your position is that we have to hear it as opposed to the Federal Circuit? That's correct. Okay. Since the question was issued, I found some additional authorities that are actually more to the point than the Diggs case that I cited, and I'd like to cover those now. Well, it would be better if you had given them to us. Excuse me? It would have been better had you given them, the authorities, for an entire time for us to look at them. But it would certainly be better if you now write them down and give them to me. I have made a list. I'll be happy to. And I have copies for the Court of Billings. For some reason you didn't submit this earlier? Frankly, I just found them within the last 48 hours. Okay. That's two days. I ----  Any reason you didn't submit them yesterday? I ---- it didn't occur to me to submit them just 24 hours in advance. Did you give them to opposing counsel? I just did now. So how is she going to be prepared to discuss them if you don't give her even 24 hours notice? These are cases you're going to discuss. Well, they're primarily a statutory interpretation, so I ---- I guess my assumption was that the counsel has the same opportunity to review the statutes. You've got nothing in brief, and you want to discuss them with oral argument, you ---- unless something comes down the morning of oral argument from the Supreme Court, you have an obligation to let opposing counsel know so she can prepare, and you have an obligation to tell us so we can look at the cases rather than have to take your word for what you're saying. I would have to sort of listen to your talk. We have no chance to check the cases or look at them or read them or ask questions about them. Given that, let me ask you a different question, one that's not one of the two we posed. I read this complaint. There's a specific request for damages with respect to your tort claim, $300,000 or so. On the contract claim, at the time the complaint was filed, you didn't have any damages, did you? The client? He was still in the ---- he was still being paid exactly as he would have been paid had the ---- were the purported settlement agreement applied, right? No, that's not correct. My client did not have any wage loss at that time, because he had, well, the default remedy for breach of contract is money damages. And he had no money. Just ---- I'm not ---- I'm not ---- it's not a trick question. At the time you filed the complaint, your contract had ---- your client had no money damages from the alleged breach of the settlement agreement. Is that correct? He was damaged from losing duties in his job that give rise to money damages for removing those duties. He had no money damages, right? He had no out-of-pocket money damages. That's correct. And he may have had ---- he may have. And so when the judge looked at the complaint in this case and did his initial screen for jurisdiction, why wasn't it a reasonable thing for the judge to say, you're not seeking money damages, and therefore, I don't have jurisdiction to consider this contract claim? Well, the Supreme Court says that the default remedy for a breach of contract is money damages. Well, it may be the default remedy, but if it's clear on the record that your client has no money damages at the time, isn't the judge ---- how is the judge to be faulted as reading the complaint as seeking an equitable remedy, specific performance or a declaratory judgment or something like that? You have a settlement agreement that says my client, you say, I'm not sure it provides that, but that's the merits issue. You say, under the settlement agreement, my client's entitled to remain in this job forever, notwithstanding performance rifts and other things. Your client's in that job at the time that the complaint is being filed. So he hasn't been damaged yet. You think these guys are going to break their agreement in the future, and they've given you pretty good indication that they intend to. Isn't that a declaratory judgment? Why is that a damages claim? It's the default remedy. And it would seem apparent. But you may have no harm. It's the default remedy. If there's a remedy, if there's harm. But if you haven't alleged ---- I mean, and the restitution seems to be self-apparent harm at the point that it kicks in. But other than that, what is your ---- what is a compensable harm at the time the complaint was filed? The compensable harm is that on August 15th, before the rift occurred, my client lost the duty, the supervisory duty. He had supervision over the Puget Sound. What kind of contract damages would put him in, through money, back to where he was, as opposed to some emotional harm or something? What kind of contract damages, which are not for his lost, you know, self-esteem or something, would be due to that? Let's assume they sent him home. They sent him home and said, we don't ever want to see you again, but we'll pay you the same pay we've been paying you all along. Would he have money damages under the contract, money damages? Well, Homes v. United States, which is in my brief, reaches the opinion that, in short, agreements that inherently relate to future employment have a presumption of monetary relief. That's the source of the problem. Kagan, this is a very unusual situation. The guy was demoted, but he's being paid the same amount as if he wasn't demoted, up to a point. I mean, the interesting question is that at the point the district court decided that he did have some monetary damages, minor, but he did. Is that right? Ultimately. At the time the district court decided the case. At the time the district court decided the case, dismissed the contract, by then did he have some monetary damages? Not the time. He did not have any contract damages at the time that the court dismissed the contract claim. By the end of the case, he did, by the end of the district court proceedings. Right. So at the time that the district court looks at this, why don't you say to the district court, hey, I'll amend the complaint when we get some damages, to claim damages. But you're right, Judge. Right now, we've got no damages. See, you're asking us – I mean, I'm not so – it's not that we're only here to protect district judges, but you're asking us to say the district judge made a mistake in concluding at the time that he ruled that you were not seeking damages or that your complaint didn't have a damages component in it, when, in fact, on the record, you had no damages at that time, at least monetary damages. So I'm trying to figure out what did the judge do wrong. Should the judge have said, well, maybe you'll have some in the future, so I'm going to retain jurisdiction over this claim in order to see whether it develops into a monetary claim? Well, my position is that the loss of the supervisory duties inherently meant that he was damaged monetarily. Explain that to me. Your client is being paid $100,000 a year, making up the number. And they say, you lose your supervisory duties, but we're still going to pay you $100,000 a year. Is he entitled to contract damages? Put aside tort damages. What are his contract damages under those circumstances? Well, it's a subjective amount. Under the Little Tucker Act, a jury could award $1 or $10,000. But nevertheless, under the default remedy, that's what would be available. You want to talk about the merits of the case at all? You want to talk about the merits of your retaliation? I'll reserve the rest of my time for rebuttal, Your Honor. Okay. We'll hear from the Governor. May it please the Court, Katie Lorenz, appearing on behalf of the government. I'd also like to begin my argument by addressing the two questions that were submitted by this Court two weeks ago. They go to the jurisdiction of the district court over the breach of contract claim. The first question this Court asked was whether the fact that Mr. Tallecas had not yet incurred damages at the time he filed complaint had any effect on the district court's Little Tucker Act jurisdiction. The answer is that, yes, that deprived the district court of Little Tucker Act jurisdiction. Let me ask you if your opponent is correct in saying that Mr. Tallecas also had no  And if so, how did the judge dismiss the complaint? That is inaccurate. That is inaccurate? That is inaccurate. My understanding is that, and this is based on Rita Dodemain's testimony at trial at SER 72. She testified that he retained his GS-11 pay indefinitely, but that the difference was that after two years, he would receive only 50 percent of the pay adjustments that we received. Had a pay adjustment occurred in the interim? In the interim. So my understanding is that that pay adjustment that started affecting Mr. Tallecas happened in January of 2010. Right. Between the filing of the complaint and the judge's dismissal. That's correct. So at the time of the judge's dismissal, then, didn't he have some contract damages? He did. They were less than $10,000? They were far less than $10,000 is my understanding. So why shouldn't this case go to the Federal Circuit, then? At the time that he dismissed this complaint or, excuse me, this claim, the district judge had adequately put Mr. Tallecas on notice of what was faulty with his claim. It was not just that the claim had not been ripe. In fact, that was never even raised to the district court. The problem with the way that the plaintiff had stated his claim was that he never properly invoked Little Tucker Act jurisdiction, because the only remedy he was seeking in that claim was to be reinstated to his position. And that's why I wanted to ask you about that, because if you look at the complaint, there's three the addendum has three, the prayer for relief has three things in it. What do you think the third thing is about? I mean, it says in such other damages as something like that. And other equitable relief as deemed appropriate? Well, it says, let me go back to the the I've got a copy of it here, so let me check it. Back pay, restoration of any benefits lost to reduce the penalty. And any corresponding front pay in the amount to be determined and other equitable relief. I mean, isn't that broad enough? Back pay, restoration of any benefits lost. He'd lost that 50 percent. He'd lost 50 percent of the pay increase during dependency of his action. Why isn't that enough to ask for money? It's not enough because if you turn to the prior page, ER-439, that's count six. That's the breach of the contract claim. What he asked for in paragraph 51 here is to be restored, have the benefits restored that Talicus was provided under the settlement agreement. Well, and that's because at that point nothing had been taken away. Absolutely. Then he says in the addendum, and if something gets taken away during the course of his action, I'd like it back. Isn't that enough to ask for money? It's not when the plaintiff never raised this to the district court. He never. But also, that paragraph 51 doesn't say, and it says this Court should require him to restore the benefits, which could be retroactive or could be prospective. It doesn't say only prospectively. So put that together with the prayer, and why wasn't he asking for any back benefits he was entitled to? Because at the time he filed this, he had not experienced any of those damages. What's the difference? But you began by telling us that this complaint doesn't include any request for back damages. And you also so now you're making a different argument, which is that the relevant facts are the ones that obtained at the time the complaint was filed. What I intended to say was that the plaintiff did not ask for any back pay as part of Claim 6, Count 6, the breach of contract claim. That's exactly what Count 6 says. It said it required the agency to restore the benefits. I don't know why that means that only it shouldn't give me back anything I've lost by the time you make the decision. Let's fast forward. Fast forward to the time that the motion to dismiss is being argued. I read the transcript of that, and the plaintiff's lawyer said, Judge, you know, we are asking for money, and it's less than $10,000. He never amended the complaint to say that, but let's assume that the complaint is broad enough to encompass such a claim. At that point, what's the relevant point for the judge to be judging whether he has jurisdiction? Is it at the time the complaint was filed or at the time that he's considering dismissal? At that point, if the plaintiff had made clear that I've – that he had started accruing damages and he wanted to amend his complaint, then he could have perfected this complaint. Actually, it's more specific than that, because the paragraph 51 says you're required to restore the benefits it agreed to provide. Then in paragraph 3 of the prayer, it says, Restoration, same word again, of any benefits lost or reduced during the pendency of this action. So he seems specifically to be asking for any money that was lost or reduced during the pendency of the action, and in fact, there were. I should clarify that there were not any damages at the time that we had the oral argument on the motion to dismiss. Oh, I see what happened was in between. That's what I was asking you before. That oral argument was held in September of 2009. My understanding is that the plaintiff began experience some minor – experiencing some minor amount of monetary damages in January of 2010, and the district court's order dismissing this claim came out on April 15th of 2010. So your opponent was correct in saying that at the time it was argued there was no damages, but at the time the order came out, there probably were some damages. I believe you asked him about the date that the district court dismissed it. That was in April of 2010. But we had had oral arguments seven months earlier. So can you respond to Mr. Good's position that if this is a mixed action, which is to say it's an action for contract damages and also tort damages, that the Federal Circuit would not have jurisdiction? Is that your understanding of law? No. I believe Mr. Good is simply wrong about that. Both the Brandt and the Breed cases that were provided by this Court two weeks ago in that electronic notice make abundantly clear that if there is a mixed case – and by mixed case, I mean one that includes both a claim for contract damages and other retaliation or discrimination claims – that that appeal goes properly to the Federal Circuit. What is the status of the case that was filed in the court of claims? My understanding is that that case was dismissed by the court of claims and that Mr. Talakis has since refiled a new case in the District of Oregon in 2011 after the trial in this case, and that that new case in the District of Oregon filed in, I believe, July of 2011, included claims stemming from his 2010 reassignment to the Contract Health Services position and also included a breach of contract claim relating to the 2007 RIF that he alleges was retaliation for the 2000 settlement agreement, and that in that he specifically invoked the Little Tucker Act as the basis for jurisdiction. He did not ask for equitable relief, and he did ask for monetary damages of between $600 and $1,000, so under the $10,000 threshold of the Little Tucker Act for concurrent jurisdiction in the district court. And maybe I can ask Mr. Goode this, or maybe I won't, but if he had abandoned his claim for $600 to $1,000, would we have jurisdiction over this case? I believe so, Your Honor. I believe that this Court still does have jurisdiction over this case. Again, I'm left with the argument that Mr. Goode never asked for leave to amend in between that time when we had the oral argument in September 2009 and when the order dismissing that count came out in April 2010. Kagan. Kagan. It was utterly unclear, though, that there were any monetary – in fact, there were no monetary damages whatsoever at the time we had this action if such develops. It was Mr. Goode's obligation to make clear that any of those damages had developed. None of the parties were aware that any such damages had developed. So at the time of the argument of the motion to the judge, you say, Judge, she doesn't have any damages, any contract damages. And he says, well, I might in the future. Is that enough for the judge to invoke jurisdiction, or is Mr. Goode required in the future to say, hey, now I've got them? Mr. Goode would have to amend and say there are now damages. Otherwise, the claim is simply not right. The district court can't simply maintain jurisdiction and say at some point in the distant future or perhaps the near future, some damages might accrue, so I'm going to retain jurisdiction. The damages that accrue come from a Federal pay raise. That's correct. Which wasn't – hadn't been yet announced at the time of the oral argument? That's correct. I'm just trying to understand the sequence here. That's correct. Thank you. Thank you. I think you're out of time. What's the time on the clock? Oh, goodness. Why don't you get time on the clock? You may pay it. So let me ask you the question. Is this your point? This is all over 600 to 1,000 bucks. Why don't you just drop that claim? Then wouldn't we have jurisdiction? Now, I understand your position. I believe the Court has jurisdiction anyway under the home states. Assume you're wrong. Assume you're wrong. Okay. I mean, you want to be here? If you'd like to go to Washington, that's fine. But if you'd like to be here, maybe you ought to drop your $1,000 claim. Well, Florida is closer to Washington, but no. Well, the case in the Court of Federal Claims is actually still pending, but it's on an Equal Pay Act claim, and all the damages. If the representation is wrong, it wasn't dismissed? It wasn't dismissed? We were just told it was dismissed and that you filed another claim in Oregon. Is that wrong? No. Another lawsuit was filed in Oregon, but that only pertains to conduct post-July 2000. But you said there's still something pending in the Court of Claims, and your opponent says there isn't. Who's right? She said there is nothing pending in the Court of Claims. You say there is. Yes, there's an Equal Pay Act claim in the Court of Claims. But not a claim for your settlement, not a claim stemming from your settlement agreement. No. The that was dismissed under 28 U.S.C. 1500 because the contract claim was still pending in this Court or in the trial court, and there was a right to appeal. And so under 28 U.S.C. 1500, according as the Court of Federal Claims interpreted, it had to dismiss it. Thank you. We just saw you. Thanks a minute. We are adjourned.
judges: Kozinski, Berzon, Hurwitz